UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY ALLEN COOK,<br><br>              Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>              Defendants. | Case No. C23-5773-JNW-MLP<br><br>REPORT AND RECOMMENDATION |

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Jeffrey Allen Cook has filed an amended complaint. (Dkt. # 13.) Plaintiff has also filed a "Motion to Postpone," requesting any deadlines be delayed until January 10, 2024. (Dkt. # 16.) This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, recommends that claims against Defendants Dean Mason, Jason Bennett, and Robert Jackson be dismissed without prejudice.[1] The Court GRANTS Plaintiff's Motion to Postpone (dkt. # 16), as explained below.

**I.     BACKGROUND**

Plaintiff's original complaint asserted claims against the Washington Department of Corrections ("DOC") and six medical providers. (Dkt. # 5-1.) The Court screened that complaint

---

[1] The Court is concurrently filing an order directing service on the remaining Defendants.

REPORT AND RECOMMENDATION - 1

and concluded that Plaintiff arguably alleged viable causes of action against the six medical providers for deliberate indifference to a serious risk of harm. (Dkt. # 9 at 3.) The Court also concluded, however, that Plaintiff's claims against the Washington DOC based on its medical care policies failed to state a claim because states and state agencies are not "persons" subject to suit under § 1983. (*Id.*; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).) The Court granted Plaintiff leave to amend his complaint to include only the viable claims or to remedy the deficiency in his claims against the Washington DOC based on its medical care policies. (Dkt. # 9 at 3-4.)

Plaintiff has now filed an amended complaint asserting the same claims against the six medical providers, removing DOC as a Defendant, and adding as Defendants Washington Corrections Center Superintendent Dean Mason, Stafford Creek Corrections Center Superintendent Jason Bennett, and Washington State Penitentiary Superintendent Robert Jackson. (Dkt. # 13 at 4-5.)

On November 27, 2023, Plaintiff filed a document styled as a "Motion to Postpone." (Dkt. # 16.) Plaintiff states that because he is currently being moved to different facilities due to sentencing, he may not have the "ability to communicate, either via e-file or U.S. Postal Service[,]" until January 10, 2024. (*Id.* at 2.) Plaintiff requests that, if any filing or response is required before then, the Court postpone the deadline. (*Id.*)

## II.   DISCUSSION

### A.   Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the

REPORT AND RECOMMENDATION - 2

complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused

a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under 42 U.S.C. § 1983. *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson* v. *City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

### B.     Analysis

As noted above, Plaintiff names as Defendants in his amended complaint three individuals identified as Superintendents of various Washington DOC facilities where Plaintiff has been incarcerated and received medical care (the "Superintendent Defendants"). (Dkt. # 13 at 4-5.) In his factual allegations, however, Plaintiff fails to identify any affirmative act or omission by any of these individuals that caused him harm or any causal connection between their conduct and a constitutional violation. In fact, Plaintiff does not mention any of the Superintendent Defendants' names anywhere in the amended complaint beyond identifying them as Defendants. *Cf. Arnold*, 637 F.2d at 1355 ("[L]iability under section 1983 can be established by showing that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur.").

The Court concludes Plaintiff has failed to state a claim for relief against the Superintendent Defendants. Accordingly, these claims must be dismissed.

When dismissing claims under § 1915A, the Court gives *pro se* prisoners leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, Plaintiff has

identified no factual basis at all for the Superintendent Defendants to be liable under § 1983. These individuals appear to be wholly unconnected to Plaintiff's claims in this action, which relate to medical care he received. In addition, Plaintiff has already been granted leave to amend his complaint once. (*See* dkt. # 9.) Plaintiff's substitution of the Superintendent Defendants for the DOC itself appears to be an attempt to circumvent the inability to sue a state or state agency. Under these circumstances, the Court concludes leave to amend would be futile.

### III.   CONCLUSION

The Court recommends all claims against Defendants Dean Mason, Jason Bennett, and Robert Jackson be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief under § 1983. A proposed Order accompanies this Report and Recommendation.

The Court GRANTS Plaintiff's request to postpone any deadlines requiring a response from him prior to January 10, 2024. (Dkt. # 16.) Accordingly, the Court deems it appropriate to extend the normal deadline for filing objections to this Report and Recommendation until after that date. Thus, objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by **January 17, 2024**. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 19, 2024**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Jamal N. Whitehead.

REPORT AND RECOMMENDATION - 5

Dated this 6th day of December, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6