UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY ALLEN COOK, | CASE NO. 3:23-cv-5773 |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, MARK WENTWORTH, LEIGH GILLIVER, ERIN LYSTADT, RYAN HARRINGTON, JENNIFER MEYERS, JOAN PALMER, DEAN MASON, JASON BENNETT, and ROBERT JACKSON, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Jeffrey Allen Cook's motion to reopen case for time to appeal and motion for case documents. Dkt. Nos. 53; 54. The Government has opposed the motion to reopen but not the motion for case documents. Dkt. No. 55. Having reviewed the record, the briefing, and the law, the Court is fully informed.

Cook is a pro se, incarcerated litigant pursuing a civil rights action under Section 1983. On December 5, 2024, U.S. Magistrate Judge Michelle Peterson

ORDER - 1

issued a Report and Recommendation (R&R), recommending that this Court dismiss Cook's claims with prejudice. Dkt. No. 46. Cook had 14 days from the entry of that R&R to submit objections. Fed. R. Civ. P. 72(b)(2). Had Cook filed objections, Defendants would have been entitled to respond, and the Court would have considered de novo any part of the R&R to which Cook had properly objected. Fed. R. Civ. P. 72(b)(2), (3). As no timely objections were filed, the Court adopted the R&R on a finding that no portion of it was contrary to law or clearly erroneous. Dkt. No. 47; *see also* Fed. R. Civ. P. 72(a). The Court dismissed the case with prejudice on January 6, 2025. Dkt. Nos. 47; 48.

On January 14, 2025, Cook filed a "request for a status update," objections to the R&R, and paperwork to change his address to Airway Heights Corrections Center—the Washington prison where he is currently incarcerated. *See* Dkt. Nos. 49–52. Cook's objections include a motion for leave to file untimely objections due to circumstances outside of his control. Dkt. No. 51. He maintains that he did not receive notice of the R&R at his address on file—which, at the time, was his mother's home—until December 17, 2024. *Id*. at 2–3. And because he was in the process of being transferred to a different correctional facility on that date, Cook maintains that he did not receive actual notice of the R&R recommending dismissal of his case until December 19, 2024. *Id*. He also asserts that he could not file timely objections, even after the transfer, because of delays in scheduling law library time. He asserts these delays were made worse by the holiday season and states that he filed his objections "at the earliest possible time due to both mail and access conflicts." Dkt. No. 51-1.

ORDER - 2

Cook also argues that he never received notice of the Court's January 6 order adopting the R&R and dismissing his case; he asserts that he did not receive notice at Airway Heights, nor did his mother receive notice at his previous on-file address. *See* Dkt. No. 57 at 2. The Government maintains that Cook did not receive notice of the Court's order and judgment because he failed to update his mailing address promptly. In response, Cook reiterates that his mother never received notice of the Court's order adopting the R&R at his previous on-file address. Dkt. No. 57 at 2; 58. He also maintains that he updated his address as quickly as reasonably possible and that any delay on his part was due he could not access resources—including the law library and stationery—while incarcerated. *See* Dkt. No. 58.

The Government's records show that Cook was transferred from a correctional facility in Shelton, Washington to Airway Heights Corrections Center near Spokane, Washington on January 22, 2025. Dkt. No. 56-1.

Under these circumstances and given the Court's duty to construe pro se pleadings liberally, the Court construes Cook's objections to the R&R as a motion for relief under Rule 60(b)(6). *See Bennett v. Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005) (finding the substance of the petitioner's motion made it clear that his requested relief under Rule 60(b)(6))). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment."

ORDER - 3

*Bennett*, 2024 WL 3316438, at *2 (quoting *Gonzalez*, 545 U.S. at 535 (internal quotes omitted)).

The Court finds that such circumstances exist here. As described above, circumstances outside of Cook's control and related to his incarceration and transfer either caused or substantially contributed to the untimely nature of his objections. Finding it appropriate to grant relief under Rule 60(b)(6) and grant relief, the Court sets aside its prior judgment. The Government is entitled to file a response to the Cook's objections to the R&R within 14 days of this Order. See Fed. R. Civ. P. 72(b)(3). The Court will then decide whether to adopt the R&R over Cook's objections. *See id*.

In sum, the Court ORDERS as follows:

1. Cook's motion to reopen the case is GRANTED IN PART. Dkt. No. 53. The Court construes Cooks objections to the R&R, Dkt. No. 51, and motion to reopen the case, Dkt. No. 53, as a request for relief under Rule 60(b)(6). The Court finds that exceptional circumstances warrant relief from the Court's order and judgment, Dkt. Nos. 47 and 48, and the consideration of Cook's objections. Accordingly, the Court SETS ASIDE its judgment at Dkt. No. 48 and RESCINDS its Order Adopting the R&R. Dkt. No. 47.

2. Defendants must file any response to Cook's objections to the R&R, Dkt. No. 51, within 14 days of this order.

3. The Clerk of the Court shall note the R&R at Dkt. No. 46 for July 1, 2025.

4. The Court GRANTS IN PART Cook's unopposed motion for case documents. Dkt. No. 54. The Clerk of the Court will provide Cook with a

ORDER - 4

copy of the docket in this matter. Cook may then request specific documents through the Clerk's Office's standard procedures for incarcerated litigants.

Dated this 17th day of June, 2025.

                                                Jamal N. Whitehead
                                                United States District Judge

ORDER - 5