UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY ALLEN COOK,<br><br>            Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, MARK WENTWORTH, LEIGH GILLIVER, ERIN LYSTADT, RYAN HARRINGTON, JENNIFER MEYERS, JOAN PALMER, DEAN MASON, JASON BENNETT, and ROBERT JACKSON,<br><br>           Defendants. | CASE NO. 3:23-cv-5773<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

The Report and Recommendation ("R&R") of Magistrate Judge Michelle L. Peterson is before the Court. Dkt. No. 46. Cook is a pro se prisoner alleging an Eighth Amendment violation related to medical care he received while incarcerated. He claims that the medical professionals responsible for his treatment failed to prescribe him Gabapentin for over two years, causing him serious pain. The R&R recommends granting the Government's motion for summary judgment. *Id*. Cook filed objections, and the Government responded to them. Dkt. Nos. 51; 60. For the

**ORDER** ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 1

1  reasons below, the Court OVERRULES Cook's objections, Dkt. No. 51, and adopts
2  the R&R. Dkt. No. 46.

3       Federal Rule of Civil Procedure 72 allows a party to file written objections to
4  an R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be
5  "specific" and relate "to the [R&R's] proposed findings and recommendations." *Id*.
6  "The district judge must determine de novo any part of the magistrate judge's
7  disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

8       Cook's objection is not specific. He essentially argues that he provided enough
9  evidence to overcome summary judgment, asserting "what [remains] at issue" is
10 that Defendants "for 2 years fought against re[-]prescribing Gabapentin." Dkt. No.
11 51 at 2. But a difference of opinion between the inmate and the medical providers
12 regarding proper treatment is not deliberate indifference. *Franklin v. Oregon, State*
13 *Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see Jackson v. McIntosh*, 90 F.3d
14 330, 332 (9th Cir. 1996). Indeed, prison authorities retain wide discretion in the
15 medical treatment afforded to prisoners. *Toguchi v. Chung*, 391 F.3d 1051, 1058
16 (9th Cir. 2004) (finding mere differences of opinion between a prisoner and prison
17 medical staff, or between medical professionals regarding the proper course of
18 treatment, does not give rise to a claim under § 1983); *Jackson*, 90 F.3d at 332.

19      And while Cook claims that he submitted expert testimony and other
20 evidence to defeat summary judgment, on de novo review, the Court finds that he
21 has relied solely on his pleadings and his own statements, rather than evidence
22 presented in the form of exhibits or witness declarations. Cook's statements
23

**ORDER** ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 2

establish that he disagreed with his treating providers, but that is not enough to prove an Eighth Amendment violation. *Franklin*, 662 F.2d at 1344.

Accordingly, after considering Plaintiff's objections de novo, the Court ORDERS:

- The Court ADOPTS the Report and Recommendation. Dkt. No. 46.
- Defendants' Motion for Summary Judgment, Dkt. No. 39, is GRANTED. Plaintiff's amended complaint and this action are DISMISSED with prejudice.
- Plaintiff's motion at Dkt. No. 65 is DENIED AS MOOT.
- The Clerk is directed to send copies of this Order and the accompanying Judgment to Petitioner and to the Hon. Michelle L. Peterson.

Dated this 12th day of August, 2025.

Jamal N. Whitehead
United States District Judge